**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WILFREDO HERNANDEZ, | No. 09-72969 |
| Petitioner, | Agency No. A094-460-078 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2014**
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.***

Wilfredo Hernandez, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition in part and dismiss in part.

The BIA did not abuse its discretion in denying Hernandez's motion to reopen as untimely. A motion to reopen deportation proceedings must be filed within 90 days of the date of the entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The administratively final order in Hernandez's proceedings issued on September 16, 2008. Hernandez's motion to reopen was filed on April 30, 2009, nearly 226 days after the entry of the final administrative order. Therefore, the BIA acted within its discretion holding that Hernandez's petition was untimely.

In any event, Hernandez has waived his ability to challenge the timeliness of his motion to reopen because he abandoned this claim on appeal. It is well-settled in this court that "an issue referred to in an the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived." *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (citing *Simpson v. Union Oil Co.*, 411 F.2d 897, 900 n.2 (9th Cir. 1969), *rev'd on other grounds*, 396 U.S. 13 (1969)). In his Statement of Timeliness and Jurisdiction, Hernandez states:

"Petitioner timely filed his petition to this Court within thirty (30) days of the Board's final order, as is required pursuant to Chapter 8 of the United States Code (hereinafter '8 U.S.C.') § 1252(b)(1)." This is the only reference to the timeliness of his underlying appeal. Ultimately, Hernandez failed to address how the BIA abused its discretion by denying his motion to reopen its decision. Hernandez has thereby waived his ability to challenge this issue on appeal.

This court lacks jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen Hernandez's case. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (citing *Ekimian v. I.N.S.*, 303 F.3d 1153, 1159 (9th Cir. 2002) ("[W]e hold that we do not have jurisdiction to review the [petitioner's] claim that the BIA should have exercised its *sua sponte* power.")) As to this argument, the petition is dismissed.

The petition is denied in part and dismissed in part.